**FILED**

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 06 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FILED
Clerk
District Court

AUG 15 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

| | |
|---|---|
| EMERENCIANA PETER-PALICAN,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS; THE GOVERNOR'S DEVELOPMENTAL DISABILITIES COUNCIL; MATILDA ROSARIO, Director of Personnel; THOMAS J. CAMACHO, Individually and as Executive Director of the Governor's Developmental Disabilities Council,<br><br>Defendants - Appellees. | No. 02-16765<br><br>D.C. No. CV-00-00024<br><br>MEMORANDUM* |
| EMERENCIANA PETER-PALICAN,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>GOVERNMENT OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS; | No. 02-16796<br><br>D.C. No. CV-00-00024-ARM |

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

**THE GOVERNOR'S DEVELOPMENTAL DISABILITIES COUNCIL; MATILDA ROSARIO, Director of Personnel,**

Defendants,

and

**THOMAS J. CAMACHO, Individually and as Executive Director of the Governor's Developmental Disabilities Council,**

Defendant - Appellant.

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief Judge, Presiding

Argued & Submitted May 12, 2005
Honolulu, Hawaii

Before:　　**D.W. NELSON, KOZINSKI** and **CALLAHAN**, Circuit Judges.

**1.** Taking the evidence in the light most favorable to the plaintiff, the jury could have believed that Camacho retaliated against Peter-Palican by manufacturing negative performance evaluations. A reasonable person in Camacho's position would have known that such conduct was unlawful.

page 3

Therefore, Camacho is not entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Hope v. Pelzer, 536 U.S. 730, 741 (2002).

**2.** Civil service employment in the Northern Mariana Islands is held by statute, see Dyack v. N. Mariana Islands, 317 F.3d 1030, 1033 (9th Cir. 2003), not by contract. There was thus no contract to which a covenant of good faith and fair dealing could attach, and Peter-Palican is not entitled to damages for breach of any such covenant.

**3.** The district court did not abuse its discretion in holding that the declaration of juror Castro could not be considered. See Fed. R. Evid. 606(b); Fed. R. Civ. P. 60(a).

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
JUL 29 2005
by: Ruben Talavera
Deputy Clerk